Arthur F. Brook and Ruth T. Brook v. Commissioner.
Brook v. Commissioner
Docket No. 3482-62.
United States Tax Court
T.C. Memo 1969-237; 1969 Tax Ct. Memo LEXIS 58; 28 T.C.M. (CCH) 1240; T.C.M. (RIA) 69237; November 6, 1969, Filed Irving M. Gruber, for the petitioners. James Q. Smith, for the respondent. 1241 FAY
Supplemental Memorandum Opinion FAY, Judge: The matter presently before the Court in the instant case relates to a dispute between the parties as to a Rule 50 computation. In a Memorandum Findings of Fact and Opinion filed March 26, 1969, TCM 1969-60, we stated: Pursuant to the contract of April 27, 1955, Brook transferred rights held under contracts dated August 2, 1944, and April 11, 1955 (hereinafter referred to sometimes as the 1955 contract). On remand this Court is to determine what part of the gain realized is attributable to *59 the 1955 contract rather than to the 1944 contract. Gain attributable to the latter contract is to be treated as long-term capital gain. * * * Our holding was: In making our own allocation on this unsatisfactory record, nevertheless, we have done our best to give proper consideration to Brook's contention. We conclude that 20 percent of the $600,000, or $120,000, should be attributed to the sale of Brook's right under the 1944 contract. The balance of $480,000 should be attributed to the April 11, 1955, contract. The only taxable years in issue before the Court are 1956 and 1957. In 1955, a year not before the Court and otherwise closed by the statute of limitations, petitioners received an installment payment of $20,000. They reported the full amount of such installment as long-term capital gain and claimed the appropriate deduction under section 1202, Internal Revenue Code of 1954. If the $20,000 had been treated in accordance with our opinion, it would have been reported as $4,000 long-term capital gain and $16,000 short-term capital gain. In view of petitioners' erroneous treatment of the $20,000 received in 1955, respondent seeks to readjust the *60 allocation for the years 1956 and 1957. Respondent urges that only 100/580 rather than 120/600 of each instalment received by petitioners in those years should be taxed as long-term capital gain. Under respondent's recalculation, no more than $120,000 of the total $600,000 contract price will be taxed as long-term gain. On the other hand, petitioners contend that the taxable year 1955 is closed by the statute of limitations. See section 6501(a), Internal Revenue Code of 1954. To use a fraction other than 120/600, it is argued, would be to flaunt the statute of limitations. Petitioners recognize that the end result would be $136,000 being taxed at lower long-term capital gain rates instead of $120,000, as contemplated in our opinion of March 26, 1969. We concur in petitioners' position. For a reason unexplained in the record, respondent failed to assess a deficiency for 1955, the year the contracts in issue were sold and the first installment was received by petitioners. To now reallocate the total sales prices of the two contracts to compensate for petitioners' error in 1955 would be tantamount to recomputing the tax of a closed year. Respondent relies *61 heavily on leading cases dealing with transactional accounting problems such as Virginian Hotel Co. v. Helvering, 319 U.S. 523 (1943); Dobson v. Commissioner, 320 U.S. 489 (1943); and Arrowsmith v. Commissioner, 344 U.S. 6 (1952). Respondent might also have cited United States v. Skelly Oil Co., 394 U.S. 678 (1969). These cases relate to situations where a taxpayer has reported an item of receipt or deduction in an earlier year. Subsequently, another event occurs which results in the taxpayer's having to take further action with respect to that same item. The question thus arises whether the principle of the annual accounting period should be modified retroactively and recognition given to the later event by treatment of the events as one indivisible transaction. In contrast, the instant case deals with only one event, occurring in 1955 upon petitioners' sale of two contracts. At least during the years before us, there was never a counter event such as repayment of proceeds received from the sale in 1955. For that reason, the cases cited above are inapposite. Decision will be entered in accordance with petitioners' computations. *62 1242